**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KIARA M. WILLIAMS,**

                      **Petitioner,**

       v.                                        **CASE NO. 21-3174-SAC**

**STATE OF KANSAS,**

                      **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Respondent to file a limited Pre-Answer Response addressing the timeliness of this action.

**Background**

A jury in Sedgwick County, Kansas convicted Petitioner of felony murder, aggravated robbery, and aggravated assault. *State v. Williams*, 299 Kan. 1039, 1042 (2014). Petitioner pursued a direct appeal, and the Kansas Supreme Court (KSC) affirmed her convictions. 299 Kan. at 1040. The state district court denied Petitioner's three subsequent postconviction motions for relief. (Doc. 1, p. 3-4.) Petitioner filed her federal habeas petition on August 2, 2021.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires."

*United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is

more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's direct review concluded when the KSC affirmed her convictions on July 3, 2014. Petitioner then had 90 days to seek review before the United States Supreme Court. Thus, Petitioner's one-year federal habeas limitation period began to run around October 3, 2014. According to her petition, Petitioner filed her first postconviction motion for collateral review in case number 15CV1637 on June 20, 2015, tolling the one-year limitation period.[1] Approximately 260 days of the one-year limitation period had expired at that point, leaving approximately 105 days remaining.

The Sedgwick County District Court Clerk's Office has informed the Court that the motion for relief in case number 15CV1637 was denied on April 23, 2018. Petitioner did not appeal, so the federal limitations period resumed running. On May 14, 2018,[2] Petitioner filed a second postconviction motion for collateral review, in case number 18CV1127. At this point, approximately 281 days of the one-year federal limitations period had expired, leaving approximately 84 days remaining. The information in the petition presently before the Court, however, does not reflect whether Petitioner's second or third postconviction motions were "properly filed" such that they

---

[1] The date of filing on the petition is "06/20/2005." (Doc. 1, p. 3.) This appears to be a typo, so the Court interprets it to reflect June 20, 2015.
[2] The Sedgwick County District Court informed this Court of the date the initial motion in case number 18CV1127 was filed.

tolled the federal statute of limitations.

The Court cannot determine from the information now before it whether the proceedings in case number 18CV1127 or case number 19CV0948 statutorily tolled the one-year federal habeas limitations period. Thus, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file such a response limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise that defense, Respondent shall notify the Court of that decision in the PAR. Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, if necessary, the Court then will direct Petitioner to show good cause why her petition should not be dismissed.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including September 6, 2021, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED:  This 4th day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge