IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIARA M. WILLIAMS,

                                  **Petitioner,**

              **v.**                                                  CASE NO. 21-3174-SAC

**STATE OF KANSAS, et al.,**

                                  **Respondents.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on August 4, 2021, the Court directed Respondent to file a limited Pre-Answer Response (PAR) addressing the timeliness of this action. (Doc. 4.) Having received and reviewed the PAR, the Court will now direct Petitioner to show cause why this action should not be dismissed as untimely.

**Background**

A jury in Sedgwick County, Kansas convicted Petitioner of felony murder, aggravated robbery, and aggravated assault. *State v. Williams*, 299 Kan. 1039, 1042 (2014). Petitioner pursued a direct appeal, and the Kansas Supreme Court (KSC) affirmed her convictions. 299 Kan. at 1040. The state district court denied Petitioner's three subsequent postconviction motions for relief. (Doc. 1, p. 3-4.) Petitioner filed her federal habeas petition on August 2, 2021.

**Statutory Filing Fee**

On August 2, 2021, the Court informed Petitioner that she has

neither paid the statutory filing fee of $5.00 nor submitted a motion to proceed in forma pauperis and the required documentation in support of such a motion. See 28 U.S.C. § 1914. The Court provided Petitioner with forms for filing a motion to proceed in forma pauperis and instructed Petitioner that she was required to correct the deficiency within 30 days or risk dismissal of this action without further notice for failure to comply with the Court's order. (Doc. 2.) The deadline has come and gone and Petitioner has not paid the filing fee nor submitted a motion to proceed in forma pauperis. The Court will grant Petitioner one more opportunity to comply with these requirements. If she fails to do so, this action may be dismissed without prejudice and without further notice.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner was sentenced on June 7, 2012. Her direct appeal concluded when the KSC affirmed her convictions on July 3, 2014. Petitioner then had 90 days to seek review before the United States

Supreme Court, although she did not do so. Thus, Petitioner's one-year federal habeas limitation period began to run on or about October 1, 2014.

Petitioner filed her first postconviction motion for collateral review under K.S.A. 60-1507 in case number 15CV1637 on or about June 25, 2015, tolling the one-year federal habeas limitation period. Approximately 267 days of the one-year limitation period had expired at that point; approximately 98 days remained. The Sedgwick County District Court denied relief on April 23, 2018. Petitioner did not appeal within the 30-day period for doing so, see K.S.A. 20-3018(b), so the federal limitations period would have resumed running on approximately May 24, 2018.

Before the time to appeal expired, however, Petitioner filed a second 60-1507 motion in Sedgwick County District Court under case number 18CV1127. Even assuming that this motion tolled the time for filing a federal habeas action, the state district court dismissed the case on June 14, 2018, "for failure to comply w/statutes, no inmate statement or filing fee provided." (Doc. 6-3, p. 2, 17.) Petitioner did not appeal within 30 days, so the federal habeas limitations period resumed running at the latest on approximately July 15, 2018. At this point, approximately 98 days remained in which to timely file a federal habeas petition under § 2254, making the deadline to do so approximately October 22, 2018.

Petitioner did not initiate any relevant proceedings before that deadline; she filed a third K.S.A. 60-1507 motion in the state district court on May 3, 2019 in case number 19CV948, and she filed her § 2254 petition in this Court on August 2, 2021. By those points, the deadline for timely filing the § 2254 petition had

passed. Thus, unless Petitioner can show that she is entitled to equitable tolling or that she qualifies for the actual innocence exception to the one-year federal habeas time limitation, this action is time-barred and must be dismissed.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

As explained above, the petition currently before the Court is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable tolling or establish that the actual innocence exception to the time limitation applies. The Court will direct Petitioner to show cause why her petition should not be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including November 15, 2021, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed due to her failure to commence it within the one-year time limitation.

**IT IS FURTHER ORDERED** that Petitioner is granted until November 15, 21021 to either pay the $5.00 statutory filing fee or submit a proper motion to proceed in forma pauperis and the required accompanying documentation. The Clerk is directed to provide to Petitioner forms for filing a motion to proceed in forma pauperis.

**IT IS SO ORDERED.**

DATED: This 13th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge