**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KIARA M. WILLIAMS,**

**Petitioner,**

        **v.**                            **CASE NO. 21-3174-SAC**

**STATE OF KANSAS, et al.**

**Respondents.**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding the timeliness of her petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the action as time-barred and, as a result, will deny the pending motion to proceed *in forma pauperis* (Doc. 8) as moot.

**Background**

Petitioner was convicted in state court and sentenced on June 7, 2012. She pursued a direct appeal, which concluded when the Kansas Supreme Court (KSC) affirmed her convictions on July 3, 2014. Petitioner filed three subsequent unsuccessful postconviction motions for relief in state district court and, on August 2, 2021, she filed the federal habeas petition now before the Court.

The Court conducted a preliminary screening of the petition and issued a NOSC explaining that the one-year federal habeas limitation period began to run on approximately October 1, 2014. (Doc. 7.) Petitioner filed her first K.S.A. 60-1507 motion on or about June 25, 2015, tolling the one-year federal habeas limitation

period with approximately 98 days remaining. Before the time to appeal the denial of her first 60-1507 motion expired, Petitioner filed a second 60-1507 motion in state district court. The state-court proceedings on the second 60-1507 motion concluded on June 14, 2018 and the one-year federal habeas limitation period resumed on approximately July 15, 2018. It expired approximately 98 days later, on October 22, 2018, but Petitioner did not file her federal habeas petition until August 2, 2021. Thus, the Court directed Petitioner to show cause, in writing, why this action should not be dismissed as untimely. Petitioner promptly filed a response, which the Court has reviewed carefully. (Doc. 9.)

**Analysis**

Petitioner does not dispute the Court's calculations of the timeline. Liberally construing the response, as is appropriate since Petitioner is proceeding pro se, it appears that Petitioner sent her case files to a paralegal for assistance was "a few months" after the state district court dismissed her second 60-1507 motion in June 2018. (Doc. 9, p. 1-2.) Although Petitioner does not dispute that her petition was filed after the one-year limitation period, she asserts that she did not receive the paperwork back from the paralegal until July 28, 2021 "due to the coronavirus and not being able to be paid and not having all of [her] paperwork." (Doc. 9, p. 1.) The Court construes this argument as a request to apply equitable tolling.

**Equitable Tolling**

Applicable "in rare and exceptional circumstances," equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused

by extraordinary circumstances beyond his control." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted).

As stated above, Petitioner appears to contend that around September 2018, she sent her case files to a paralegal to obtain assistance in preparing the petition, but she did not receive the petition from the paralegal until July 2021. She does not identify, however, any actions she took toward finalizing and filing the petition between October 1, 2014 (when her convictions became final and the federal habeas time limitation started running) and June 25, 2015 (when the limitation period was tolled by the filing of her first 60-1507 motion). At most, the delays involving the paralegal account for only approximately the final month of the one-year period.

To the extent that Petitioner references the coronavirus and the effects of that pandemic, the Court notes that the deadline to timely file this petition passed in 2018, well before the coronavirus pandemic began. Also, Petitioner has failed to specifically explain how the circumstances she alleges—such as being on lockdown and not being paid—warrant equitable tolling. *See Donald v. Pruitt*, 853 Fed. Appx. 230, 234 (10th Cir. 2021) ("[Petitioner] is not entitled to equitable tolling based on his

allegedly limited access to the law library in the wake of COVID-19."); *Phares v. Jones*, 470 F. Appx. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown . . . does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition."). Thus, Petitioner has not shown that equitable tolling applies as a result of the coronavirus pandemic.

**Conclusion**

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and that Petitioner has not shown any circumstances that justify equitable tolling. The Court will therefore dismiss this matter as untimely.

The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the motion to proceed *in forma pauperis* (Doc. 8) is **denied as moot**. It is further ordered that this matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 19th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge